# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 17-6895 MWF (SS)                Date: January 5, 2018
                                                Page 1 of 4

Title:    Jermayne Sims v. Debbie Asuncion

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT CONTAINS UNEXHAUSTED CLAIMS**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

**PROCEEDINGS: (IN CHAMBERS)**

On September 12, 2017,[1] Jermayne Sims ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. However, the Petition is subject to dismissal because it appears that all seven of Petitioner's claims[2] are unexhausted. (See Petition at 3-4).

---

[1]    Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court uses the date the Petitioner signed the Petition as the constructive filing date. (Petition at 8). Throughout this Order, the Court cites to the Petition and its attached exhibits as though they are continuously paginated.

[2]    It is not clear what claims Petitioner is raising before this Court. (See Petition at 5-6). However, Petitioner attaches the habeas petition that he filed in the California Court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 17-6895 MWF (SS)          Date: January 5, 2018

Title:    Jermayne Sims v. Debbie Asuncion

---

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); see also O'Sullivan, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim). The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

The inclusion of unexhausted claims in a habeas petition renders it subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). The Ninth Circuit has instructed that lower courts are not obligated " 'to act as counsel or paralegal to pro se litigants' " by explaining " 'the details of federal habeas procedure . . . .' " Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). However, the Court may provide a pro se litigant with "accurate instruction" before dismissing an unexhausted or mixed petition. See id. at 786 ("The district court gave [petitioner] accurate instruction before dismissing his mixed petition without prejudice. Pliler does not allow us to require anything more.").

Here, it appears that all of Petitioner's federal habeas claims are unexhausted because the California Supreme Court has yet to rule on his petition for review. (See Petition at 3). Accordingly, the Petition is subject to dismissal, and Petitioner potentially has five available options:

**Option 1:** If, upon further reflection, Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as

---

Appeal, which apparently raises the same seven claims that he raised in the California Supreme Court on direct appeal. (Id. at 3-4, 13-40).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 17-6895 MWF (SS)                    Date: January 5, 2018
                                                  Page 3 of 4

Title:     Jermayne Sims v. Debbie Asuncion

his state court briefs or petitions, establishing that each ground is exhausted. If Petitioner admits that he has not exhausted some or all of his claims, he must select one of the following options.

**Option 2:** Petitioner may request a voluntary dismissal of this <u>action</u> without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** If Petitioner can show that he has exhausted some, but not all, of his claims, Petitioner may request a voluntary dismissal of any <u>unexhausted claim</u> and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of Dismissal form to select this option. However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Petitioner may request a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Pursuant to <u>Rhines</u>, the Court is empowered to stay all of the claims in a mixed or fully unexhausted petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted claim(s). <u>See id.</u> at 277-78; <u>see also</u> <u>Mena v. Long</u>, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a <u>Rhines</u> stay is available for fully unexhausted petitions). To obtain a stay pursuant to <u>Rhines</u>, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and establish that each unexhausted claim is not "plainly meritless." <u>See id.</u> at 277.

**Option 5:** If Petitioner can show that he has exhausted some, but not all, of his claims, he may request a stay pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). <u>Kelly</u> applies only to "mixed" petitions. Pursuant to <u>Kelly</u>, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s). <u>See id.</u> at 1070-71. Petitioner is warned, however, that "[a]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 17-6895 MWF (SS)                        Date:  January 5, 2018
                                                        Page 4 of 4

Title:       Jermayne Sims v. Debbie Asuncion

petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659 (2005).

Accordingly, the Court **ORDERS** Petitioner to file a response, within **fourteen (14) days** of the date of this Order, specifically stating which of the five options he wishes to pursue. To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of each of his five claims. To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims. To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either Rhines or Kelly. If Petitioner wishes to obtain a stay pursuant to Rhines, he must also set forth good cause for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless. **Whichever option Petitioner chooses, his response must explicitly state whether the California Supreme Court has yet ruled on his equal protection claim, and if it has, when the ruling issued and what the outcome was.**

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation to the district judge that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.