UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 17-6895 PVC | Date: March 31, 2020 |
| Title Jermayne Sims v. Debbie Asuncion, Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

Petitioner Jermayne Sims, a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 on September 12, 2017. ("Petition," Dkt. No. 1). The operative First Amended Petition followed on November 27, 2018. ("FAP," Dkt. No. 25). Nearly a year later, on November 15, 2019, Respondent filed a Motion to Dismiss the FAP. ("MTD," Dkt. No. 38). Respondent alleges that: (1) the FAP is time-barred, (*id.* at 5-16); (2) all seven grounds for relief asserted in the FAP are unexhausted, (*id.* at 16-24); and (3) grounds four through six are forfeited. (*Id.* at 25-28).

Petitioner's opposition to the MTD, if any, was due by December 16, 2019. (*See* Dkt. No. 10 at 3). However, Petitioner did not file an opposition or otherwise communicate with the Court by that deadline. On March 3, 2020, the Court *sua sponte* issued an Order continuing the deadline and requiring Petitioner to file either an opposition or a notice of non-opposition to the MTD by March 17, 2020. ("Order," Dkt. No. 42). In the Order, the Court cautioned Petitioner that the failure to file an opposition "may be deemed consent to the granting of the MTD." (*Id.* at 2) (citing Local Rule 7-12

("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion [for summary judgment] pursuant to Fed. R. Civ. P. 56 may not be granted solely based on the failure to file an opposition.")).

The Court also expressly warned Petitioner that if he failed to file either an opposition or a notice of non-opposition in compliance with the Court's Order by the March 17, 2020 deadline, this action would be subject to dismissal with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.*); *cf. Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) ("'The failure of the plaintiff eventually to respond to the court's *ultimatum* -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.'") (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004); emphasis in original).

As of the date of this Order, Petitioner has not filed an opposition to Respondent's MTD, a notice of non-opposition, or a request for an extension of time in which to do so. Petitioner has evidently lost interest in this action.  Accordingly, Petitioner is **ORDERED** to show cause, within **fourteen days of the date of this Order**, why this action should not be dismissed with prejudice for failure to prosecute and obey Court orders.  Petitioner may discharge this Order by filing:  (1) an opposition to Respondent's Motion to Dismiss; (2) a notice of non-opposition; or (3) a declaration, under oath, explaining why he is unable to do so.

**Petitioner is expressly cautioned that the failure to comply with this Order by the Court's deadline will result in the dismissal of this action with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).  Alternatively, if Petitioner no longer wishes to pursue his claims, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.**

However, Petitioner is cautioned that any claims voluntarily dismissed may be subject to a statute of limitations bar if he attempts to reassert them in a subsequent petition.

IT IS SO ORDERED.